HUBERT *against* WILLIAMS. ·

On demurrer to the replication. The declaration was in assumpsit on a promissory note made by the defendant, dated December 2d, 1822 ; to which he pleaded his discharge, under the act to abolish imprisonment for debt, granted October 3d, 1823. To this the plaintiff replied, that after the discharge, the defendant ratified, renewed and confirmed the promise set out in the declaration.

General demurrer and joinder.

*E. Cowen*, in support of the demurrer, cited Laws, sess. 42, ch. 101, s. 3 ; and *Wilson* v. *Kemp*, (3 M. & S. 595.) *and the cases there referred to.*

*W. L. F. Warren*, contra, cited *Shippey* v. *Henderson*, (14 John. 178.)

*Curia*, per SUTHERLAND, J. The demurrer is well taken. There was no new consideration for the subsequent acknowledgment, or promise to pay the debt. The action is not upon that, but the original promise; and the statute of 1819, (sess. 42, ch. 101, s. 3,) is express that the insolvent shall, forever after his discharge, be exempt from imprisonment for or by reason of any debt or debts due at the time of making the assignment.

The defendant was never discharged from the debt. The new promise, therefore, was nothing more than an acknowledgment of his existing liability; and would not be the foundation of a new action. It, in no respect, waived the pre-existing rights and liabilities of the parties.

In *Wilson* v. *Kemp*, (3 M. & S. 595,) it was held that an insolvent debtor, who had taken the benefit of the 54 Geo. 3, ch. 28, was not liable to arrest on a subsequent promise to pay a debt contracted prior to the day prescribed in the act. The 28th section of that act is very similar, in its terms, to the 3d section of the act of 1819. If a new promise will not authorize the defendant to be held to bail,

Hubert
v.
Williams.

A subsequent promise to pay a debt, as to which the debtor has been discharged from imprisonment under the act of 1819, (sess. 42, ch. 101,) will not take away the effect of such discharge.

NEW YORK, it surely will not subject his person to imprisonment upon
May, 1826. final process. The case cited for the plaintiff of *Shippey* v.
Presb. Church *Henderson*, was one of an absolute discharge. But, in
v.
City of N. Y. this case, I should question very much, whether even an
express promise, by the defendant, not to avail himself of
his discharge without any new consideration, would be
binding. Judgment must be for the defendant, with leave
for the plaintiff to amend, on payment of costs.

Judgment for the defendant.(a)

(a) Vid. <i>Couch</i> v. <i>Ash</i>, ante, 265, S. P.